Filed 7/10/13  In re E.R. CA1/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re E.R., et al., Persons Coming Under the Juvenile Court Law. | |
| DEL NORTE COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>SARAH R.,<br><br>　　　Defendant and Appellant. | A137569<br><br>(Del Norte County Super. Ct. Nos. JVSQ-11-6055, JVSQ-11-6056 |

Following termination of her parental rights after a hearing held pursuant to Welfare and Institutions Code section 366.26,[1] S.R. (mother) filed this appeal, seeking correction of the court's written order memorializing the oral pronouncement of judgment at the section 366.26 hearing, and requesting we direct the juvenile court to strike the orders and findings in paragraph Nos. 14 and 16 of Judicial Council Forms, form JV-320, which state that posttermination visitation by mother would be detrimental to the minors E.R. and L.R., and require that the minors be allowed open contact with their sister, D.C.  Having reviewed the record, we conclude mother's contention has merit and shall grant her request.

---

[1] Further statutory references are to the Welfare and Institutions Code unless otherwise specified.

BACKGROUND

This section 300 juvenile dependency case involves mother's three minor daughters, D.C. (born 1996), E.R. (born 1998), and L.R. (born 1998).  We recently chronicled the history of respondent Del Norte County Department of Health and Human Services' (Department's) involvement with the family in *Sarah R. v. Superior Court* (Dec. 6, 2012, A136491) [nonpub. opn.] (*Sarah R.*), which we incorporate by reference.  In *Sarah R.*, we concluded the juvenile court's finding that the Department provided or offered mother reasonable services was supported by substantial evidence and, as a consequence, denied mother's petition for an extraordinary writ challenging the order setting a hearing under section 366.26.  We pick up the procedural and factual history of the case after that point.

On November 5, 2012, the Department filed and served notice the section 366.26 hearing would be held on January 4, 2013.  The Department filed its section 366.26 report (report) on January 2, 2013, recommending that E.R. and L.R. remain dependents of the court, parental rights be terminated and adoption be selected as the permanent plan.  The report states E.R. and L.R. are freshmen in high school and both have a 4.0 grade point average; they are adjusting well to foster care and have not required counseling, although both are aware counseling is available should they need it.  The current foster parents to E.R. and L.R. are willing and able to adopt the children.

Regarding contacts between mother and the children, the report states mother had 22 scheduled visits with E.R. and L.R. and attended 10 of them; five were cancelled due to illness or failure to appear by mother; seven of the 22 scheduled visits were between mother and E.R. only, and mother attended five of those.  The last visit mother had with either of the children was on November 6, 2012.

The Department recommended "no visitation at this time between the biological parents and the children.  Neither [mother] nor [father] has been consistent in visiting with the children or in asking for visits.  The prospective adoptive family does not wish to have postadoption contact with the birth parents but are willing to allow the children

continued contact with other family members and are willing to consider contact with the parents if the children request it."

In regard to assessment and evaluation, the report states E.R. and L.R. "have matured and thrived in their foster placement" and "have become attached to their foster parents and wish to be adopted by them. The foster parents and the children have developed a loving relationship and the children are happy." Also, the report notes whereas E.R. and L.R. state they love their biological parents, they "are also realistic enough to know that they can't live with them. [E.R. and L.R.] have expressed a wish to be able to maintain contact with their mother and father but not on a regular basis."

Mother was represented by counsel at the section 366.26 hearing but did not appear in person. The court stated: "I've read and considered the report as to each child. And I will announce at the outset that I am prepared to adopt the recommendation. Does anybody wish to be heard?" After counsel for mother and counsel for the minors replied in the negative, the court announced its findings: "The children's out-of-home placement is necessary and appropriate. The agency has complied with the case plan. The services provided to the children have been adequate. Court finds the children . . . were actively involved in the development of . . . their plan. And they are age appropriate and developmentally appropriate. Clear and convincing evidence shows that [it is] likely the children will be adopted. Adoption is the permanent placement goal for both children. [It is] ordered that the parental rights of [mother and father] are terminated. The children are . . . ordered placed for adoption. All prior orders not modified by this Court remain in full force and effect."

After the court set the matter for a six-month post-permanency review but prior to the conclusion of the hearing, counsel for D.C., E.R. and L.R.'s older sister, stated she understood the adoption would be open with regard to D.C. and "these three young women will be permitted to have contact with each other. And I believe that is what these two girls would like, and [that is] very much what my client would like." Social worker Farren responded, "It is in the adoption assessment. They do talk that the girls

3

want to maintain contact." Counsel for D.C. added, "My understanding is [it is] agreeable with the adoptive parents, and [they are] nodding their heads." The court stated, "Everybody is on board. Perfect deal. Good. But I'm not addressing that. . . . [I am] just making a finding that the plan is for the children to be adopted." Thereafter, the matter concluded. This proceeding was handled by Judge Leonard LaCasse.

On January 11, 2013, the court filed a Judicial Council Form, form JV-320 "Orders Under Welfare and Institutions Code sections 366.24, 366.26, 727.3, 727.31" (order), as submitted by counsel for the Department, in regard to each of the minors. In both orders, one of the boxes under part b. of paragraph No. 14 is checked, specifying that "Visitation between the child and . . . sibling, [D.C.,] is scheduled as follows (specify): The minor will be allowed open contact with her sister." Furthermore, part c. of paragraph No. 14 is checked, providing that "Visitation between the child and (names): [Mother] and [Father] is detrimental to the child's physical or emotional well-being and is terminated." Parts b. and c. of Paragraph No. 16 are identical to those of paragraph No. 14 and are completed in the same manner. Apparently, Judge LaCasse, the judicial officer who handled the 366.26 hearing and made the findings and orders terminating parental rights, was not involved in the written order of January 11, 2013. That is the order appellant mother is now appealing. This January order was signed by Judge Follett who had not presided over prior matters in this case. There is no evidence he was personally familiar with the issues in the case or that he consulted with Judge LaCasse before he checked paragraph Nos. 14 and 16 which are now attacked.

## DISCUSSION

Mother contends the written finding terminating her visitation with minors as detrimental to their physical or emotion well-being, set forth in paragraph Nos. 14 and 16 of the Judicial Council Forms, form JV-320 (JV-320), is inconsistent with the court's oral pronouncement of its findings at the section 366.26 hearing and should be stricken. The Department, on the other hand, contends any inconsistency between the oral and written orders amounts to harmless error, and moreover, that striking the order terminating

4

visitation would not be in the best interests of the children.  We conclude mother has the better argument.

The Judicial Council has adopted the JV-320 form for mandatory use by courts for orders under section 366.26.  (See Cal. Rules of Court, rule 1.31(b)-(c).)  Section 366.26 lists several alternative permanent placement plans.  (§ 366.26, subd. (b)(1)-(6).)  In regard to those alternatives, at the section 366.26 hearing the court "shall make findings and orders in the following order of preference," proceeding from termination of parental rights and placement for adoption as the first preference, to placement in long-term foster care as the least desirable preference.  (*Ibid.*)  Moreover, in choosing among these alternatives, the court must also determine whether adoption and/or termination of parental rights is in the best interests of the child.  (See § 366.26, subd. (c).)  Form JV-320 tracks the alternate plans described under section 366.26 and the findings necessary under each alternative, permitting the court, by checking the appropriate boxes, to efficiently record in a clear, organized manner the findings and orders entered at the section 366.26 hearing, as required by statute.

Here, the court selected termination of parental rights and placement of the minors for adoption as the preferred permanent plan, as described in section 366.26, subdivision (b)(1).  Furthermore, the court found by clear and convincing evidence that it is likely the children will be adopted.  Having found it likely the children will be adopted, the court was statutorily required to terminate parental rights unless certain special circumstances existed, none of which pertain here.  (See § 366.26, subd. (c)(1).)

Tracking these findings under form JV-320, the court checked the box at paragraph No. 8, part a. of the order, stating, "There is clear and convincing evidence that it is likely the child will be adopted."  Next the court checked the appropriate boxes at paragraph No. 9 of the order, thereby terminating the parental rights of mother and father.  Paragraph No. 9 also states, "The adoption is likely to be finalized by (*date*): July 26, 2013."  The last line of paragraph No. 9 states:  "(*If item 9 is checked, go to item 17.*)"

5

In short, paragraph Nos. 8 and 9 of form JV-320 encompass the juvenile court's oral pronouncement of the findings at the section 366.26 hearing as they relate to the permanent placement selected for the minors. Accordingly, the court should simply have left blank the boxes in paragraph Nos. 10 through 16, as those pertain to other permanent placement options described in section 366.26.[2] Thus, the court's findings and orders under paragraph Nos. 14 and 16 regarding visitation between the minors and their mother, and visitation between the minors and their sister, should be stricken. Having terminated mother's parental rights, no further findings and orders in regard to mother's visitation were required; moreover, the court's findings and orders in paragraph Nos. 14 and 16 regarding open contact between the minors and their sister were premature. (See § 366.29 [governing postadoptive sibling contact, and stating in pertinent part, "With the consent of the adoptive parent or parents, the court may include in the *final adoption order* provisions for the adoptive parent or parents to facilitate postadoptive sibling contact."], italics added.)

### DISPOSITION

The juvenile court's findings and orders terminating parental rights upon clear and convincing evidence the minors are likely to be adopted are hereby affirmed. The matter is remanded solely for the purpose of permitting the juvenile court to strike the superfluous findings under paragraph Nos. 14 and 16 of its orders.

---

[2] In this regard, paragraph No. 14 applies where the court identified adoption as the permanent placement goal, but did not terminate parental rights; paragraph No. 16 applies where the court orders the permanent plan is placement with an identified person with one of seven enumerated goals in mind, but did not terminate parental rights. Neither paragraph No. 14 nor paragraph No. 16 applies here, because the court terminated parental rights at the section 366.26 hearing.

6

_____
Dondero, J.

We concur:


_____
Margulies, Acting P. J.


_____
Banke, J.

7